No. 3298

Second Circuit

ROYAL INDEMNITY CO., INC., v. SHREVEPORT MACARONI MFG. CO., INC.

(November 18, 1929. Opinion and Decree.)

Cook & Cook, of Shreveport, attorneys for plaintiff, appellant.

C. D. Egan, of Shreveport, attorney for defendant, appellee.

WEBB, J. Plaintiff instituted this action to recover judgment against defendant for an alleged balance due for premiums on certain insurance policies, and it appeals from a judgment rejecting its demands.

The evidence shows that the policies were issued to protect the defendant against amounts for which the defendant might become liable to its employees for injuries sustained by them, as provided by the Employer's Liability Law (Act No. 20 of 1914 as amended) and that the premium to be paid was based upon the payroll of defendant and the rate was to be fixed or classified on the character of work in which the employees were engaged.

At the time the policies were issued, there was an estimate made of the amount of the premium to be paid which appears to have been based upon an estimate of the payroll and classification made at that time, it being, however, stipulated and agreed that the insurer would audit plaintiff's books and fix the premium on the payroll and classification, and the additional amount claimed in the present action is based upon an audit and classification made by the insurer.

The audit made was not filed in evidence, and there is not any proof in the record that either the audit or classification based thereon was correct, and while the officers of the defendant testify that they had submitted a statement of the amount of the payroll and classification thereon, and had made payments in accordance therewith, it is not shown that the payroll was correct or that the classification was in accord with the schedule under which the classification should have been made, and the schedule of classification was not offered in evidence.

While we do not find that the evidence establishes the claim made by plaintiff, it does not appear with any certainty that defendant has paid the amount due under the policies, and the court should have dismissed plaintiff's suit as of nonsuit, rather than rejected its demands It is therefore ordered that the judgment appealed from be amended and that plaintiff's suit be dismissed as of nonsuit; plaintiff to pay all costs.