No. 3923

Second Circuit

(Second Division)

ROYAL INDEMNITY CO. v. SHREVEPORT MACARONI MFG. CO.

(November 18, 1931. Opinion and Decree.)
(December 12, 1931. Rehearing Refused.)

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellant.

Lewell C. Butler, of Shreveport, attorney for defendant, appellee.

CULPEPPER, J. This is the second time this case has been before this court. On the former hearing, there was judgment for the defendant rejecting plaintiff's demands, which on appeal was amended so as to non-suit the plaintiff. See Royal Indemnity Company v. Shreveport Macaroni Manufacturing Co., 11 La. App. 628, 124 So. 595. The present suit was then filed. The entire record in the first suit, including the pleadings, were all introduced in evidence here and additional testimony taken.

Upon the second trial, there was again judgment for defendant from which the plaintiff appeals. Defendant answered the appeal, praying that $85.83, alleged to have been paid by it through error, should be refunded.

There is no testimony justifying defendant's claim that the payment of $85.83 claimed in the reconventional demand was erroneous. On the contrary, after the dispute arose, the president of the defendant company wrote a letter to plaintiff's attorneys in which he stated that he felt the company owed that amount, and inclosed his check in payment, but he disputed the balance of $287.04. The reconventional demand was therefore properly rejected.

The purpose of this suit, as in the former, is to recover premiums to the amount of $268.35, alleged to be due by defendant on a workmen's compensation policy, issued by plaintiff to defendant on the following class of employees, at the rates indicated per $100 of pay roll, viz.:

1 (a) Macaroni Manufacturing (2002) ....................$4.02 per $100.00

(b) Store risks, wholesale or combined (Wholesale and Retail) (N. O. C.) (8018)................ .86 per $100.00

2 (a) Clerical Office Employees (8810)................ .06 per $100.00

5 (b) Outside salesmen, collectors and messengers (wherever engaged) who do not deliver merchandise (if any)..................... .16 per $100.00

(d) Chauffeurs and chauffeurs helpers (if not included in 1) wherever engaged ............... 1.42 per $100.00

Defendant submitted and paid on statements which classified those engaged in packing macaroni under classification carried under classification of 1 (b) noted above, carrying a rate of $.86 per $100 of pay roll, whereas the plaintiff complains that packers of macaroni are properly classified under 1 (a) above indicated, carrying a rate of $4.02 per $100 of pay roll.

It appears that defendant had been carrying its compensation insurance with another company for several years, but that for the year about which this dispute arose the same agents that had written the policy in the other company wrote defendant's policy with plaintiff. The classification of the risks in the policies was the same. Under prior policies, defendant rendered statements, and made payments in accordance with its interpretation of macaroni packers, which were accepted.

It rendered a precisely similar statement and payment to the plaintiff which was accepted, subject, however, to be later corrected if found erroneous by its auditor under the terms of the policy. It was when plaintiff's auditor examined and audited defendant's pay rolls and books that the classification of the macaroni packers were changed from the classification of "store risks, wholesale or combined wholesale and retail (N. O. C.) 8018" to "Macaroni Manufacturing 2002." The auditor made a report, accordingly, to the plaintiff. The plaintiff then billed defendant for the difference between the rate of $4.02 per $100 and $.86 per $100 on the packers' pay roll of defendant, which amounted to $287.04. Another item of $77.97 is also claimed, but plaintiff admits that it has not been proven.

There are employees engaged in the machinery room, where the macaroni is squeezed out, in the cleaning room, the cutting room, and the packing room. All of these employees were classified by defendant under the schedule "1 (a)" above noted, except those engaged in packing the macaroni in boxes or cartons. These were classified by defendant under the schedule 1 (b), carrying a very much lower rate.

The policy contains the following provision:

"The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer engaged in the business operations described in said Declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such work places or elsewhere in connection therewith, or in relation thereto."

There was introduced in evidence, without objection, the compensation manual of rates as they applied to "Macaroni Manufacturing (2002)," and "Store Risks— wholesale or combined wholesale and retail (N. O. C.), 8018." It is plain that the classification in the policy was taken from the manual, because the language in both is precisely the same. This manual contains an explanatory note, reading as follows:

"When a risk, other than a contracting risk, conducts a number of separate operations which normally prevail in the business described by a manual classification, a division of payroll will not be permitted even though such separate operations may be specifically described by other classifications of this manual, or even though they are conducted at separate locations."

Miss Hurley, bookkeeper of defendant, stated that they did have one man employed on the second floor, where the drying room and the shipping department were located, as a salesman. She also testified that the drying room is necessary in the process of manufacture and that "putting in cartons is also necessary in its completion and putting on the market," and that defendant "could not ship without putting it in boxes." This testimony seems to make clear that plaintiff's interpretation is correct.

In view of the fact that the risk undertaken was described in the precise language of this manual, even to the extent of inserting the code number of the manual, and in view of the policy provision that the premium is based upon the remuneration earned by all employees "* * * engaged in the business operations described in said Declarations, together with all operations necessary, incident, or appurtenant thereto, or connected therewith," whether in the same or a separate building, there seems no other conclusion than that those who were engaged in packing macaroni in the same building where the other manufacturing operations were carried on, were engaged in an operation incident or appurtenant to, and certainly connected with, the manufacture of macaroni, rather than with its store risks, wholesale or retail. The fact that another company may have accepted the classification rendered by defendant on a similar policy with a similar classification would not, we think, be binding on the plaintiff.

There is, in reality, no dispute as to the amount due the defendant if the employees in the packing department be properly classified as being engaged in an operation incident to the manufacturing, rather than to the sale, of macaroni, whether at wholesale or retail, and since we have reached the conclusion that the case is with the plaintiff in that respect, it follows that the judgment must be reversed.

Plaintiff's counsel admit, however, that an item of $77.97, alleged upon in the petition, has not been proven and should be deducted from $268.35, the gross amount sued for, leaving a balance due amounting to $185.58, which, we think, has been proven, and for which there should be judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled and set aside, and that there now be judgment in favor of the plaintiff, Royal Indemnity Company, and against the Shreveport Macaroni Manufacturing Company, in the sum of $185.58, with legal interest thereon from judicial demand, and that defendant pay the costs of both courts.